Slaughter, J.,
concurring in part, dissenting in part.
I agree that Miller’s attempted-murder conviction must be reversed because the trial court’s written findings recited the wrong legal standard. As the Court holds, *1198 the correct standard is not whether Miller attempted to commit murder “knowingly or intentionally”, but whether he had a “specific intent to kill”. Where I part company with my colleagues is in the chosen remedy. The Court orders a remand to the trial court to consider the existing evidence under the correct standard. But I question whether that remedy will be adequate. Specifically, I fear a mere remand to the same trial judge instructing him to apply the correct standard will be insufficient to redress the underlying harm from using the wrong standard. In my view, Miller should receive a new trial. The erroneous mens rea standard should not be dismissed as a slip of the tongue (or pen) in the court’s written findings because it first appeared in the State’s charging information and thus tainted the entire proceeding. Had this been a jury trial, the clear remedy would be to order a new trial. Although this case was tried to the bench, I believe a new trial also is warranted here. I share the Court of Appeals’ concern that the trial judge, on remand, “may have a difficult, if not impossible, task of distancing himself from the evidence already considered and in considering the case entirely anew”. Miller v. State, 72 N.E.3d 502, 518 (Ind. Ct. App. 2017). In light of our grant of transfer, I would summarily affirm the Court of Appeals’ thoughtful opinion in its entirety, including its remand for a new trial.